**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------- x

RICHARD FARMER,

                            Plaintiff,

      -against-

LAW OFFICE WEINER & WEINER, LLC; PAUL I.
WEINER, ESQUIRE, LLC; PAUL IVAN WEINER,
ESQ.; JOSHUA LAWRENCE WEINER, ESQ.; BUDD
LARNER, *a Professional Corp. doing business as* Budd
Larner, P.C.; LAW OFFICES OF COUGHLIN DUFFY,
LLP; KEVIN T. COUGHLIN, ESQ.; TIMOTHY I.
DUFFY, ESQ. et al.,

                            Defendants.

------------------------------------------- x

MEMORANDUM DECISION
AND ORDER

19 Civ. 7115 (GBD) (OTW)

GEORGE B. DANIELS, United States District Judge:

Plaintiff Richard Farmer, *pro se*, brings this action against Defendants Law Office Weiner & Weiner, LLC, Paul I. Weiner, Esquire, LLC, Paul Ivan Weiner, Esq., Joshua Lawrence Weiner, Esq. (collectively, the "Weiner Defendants"), Budd Larner, *doing business as* Budd Larner, P.C., Coughlin Duffy, LLP, Kevin T. Coughlin, Esq., Timothy I. Duffy, Esq. (collectively, "Defendants"),[1] alleging that Defendants engaged in willful concealment, deceit and fraud in violation of various federal criminal statutes and New York State laws. (*See* Compl., ECF No. 1, at 2.) Defendants filed motions to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (*See* Notice of Mot. to Dismiss Pl. Claims for Failure to State a Claim Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), ECF No. 14 ("Coughlin Duffy Defs.' Mot. to Dismiss"); Notice of Mot. to Dismiss Pro

---

[1] Plaintiff also names as Defendants Henry A. Larner, Mark D. Larner, Mitchell Rait, Peter John Frazza, and Susan Reach Winters but the Report correctly notes that "there is no indication in the record that these defendants have ever been served with the summons and complaint." (*See* Report at 15; Letter dated September 25, 2019, ECF No. 17.)

Se Pl. Compl. Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), ECF No. 16 ("Weiner Defs.' Mot. to Dismiss"); Notice of Mot. to Dismiss Pro Se Pl. Compl. Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), ECF No. 30 ("Def. Larner's Mot. to Dismiss").)

Before this Court is Magistrate Judge Ona T. Wang's April 6, 2020 Report and Recommendation (the "Report," ECF No. 37), recommending that Defendants' motions to dismiss be granted and that Plaintiff not be granted leave to amend his complaint. (*See* Report at 16.) In her Report, Magistrate Judge Wang advised the parties that failure to file timely objections will constitute a waiver of those objections on appeal.[2] (*Id.* at 16.) Plaintiff filed untimely objections on April 23, 2020.[3] (*See* Pl.'s Objs. to Mag. J.'s R. & R. ("Pl.'s Objs."), ECF No. 41; Proof of Service, ECF No. 38; Certificate of Service, ECF No. 39.) Defendants filed timely responses. (*See* Letter dated April 23, 2020, ECF No. 40; Letter dated May 1, 2020, ECF No. 42; Letter dated May 4, 2020, ECF No. 43.)

Having reviewed Magistrate Judge Wang's Report, as well as Plaintiff's objections and Defendants' responses, this Court ADOPTS the Report and overrules Plaintiff's objections. Accordingly, Defendants' motions to dismiss are GRANTED.

---

[2] Plaintiff asserts that Magistrate Judge Wang utilized the 14-day deadline to prejudice the Plaintiff. (*See* Pl.'s Objs. at 4.) Magistrate Judge Wang, however, properly informed the parties of the 14-day deadline to file objections pursuant to 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72. (Report at 16.) Moreover, Magistrate Judge Wang correctly informed the parties of their rights to request an extension of time from this Court, which Plaintiff did not do. Plaintiff submitted his objections and, therefore, was not prejudiced.

[3] Plaintiff's objections were docketed on April 23, 2020. This Court considers Plaintiff's objections, which were due before or on April 21, 2020, as untimely. Notwithstanding their untimeliness, this Court has considered Plaintiff's objections.

## I.     FACTUAL BACKGROUND[4]

On November 27, 2017, Plaintiff filed an earlier separate suit before this Court against his former employer and others, alleging a failure to pay proper wages and termination of employment in retaliation for Plaintiff's report of workplace harassment. *Farmer v. Fzoad.com Enterprises Inc.*, No. 17 Civ. 9300 (GBD) (OTW) (*Farmer I*), ECF No. 2. A default judgment was issued in that case against the defendants. Subsequently, Magistrate Judge Wang issued a Report and Recommendation, on June 13, 2019, recommending that this Court grant the defendants' motion to vacate the default judgment ("*Farmer I* Report"). *Farmer I*, 2019 WL 6831269 (S.D.N.Y. June 13, 2019).

Despite filing his objections to the *Farmer I* Report, Plaintiff separately filed on, July 30, 2019, the present lawsuit ("*Farmer II*"), against Joshua L. Weiner, defense counsel in *Farmer I* along with his associated law firms and colleagues, seeking relief for alleged violations of the federal criminal code, New York Judiciary Law, New York General Business Law, and the New York Courts' Rules of the Chief Administrative Judge. (Compl. ¶¶ 53–76.)[5] At the heart of Plaintiff's present claims is the assertion that Attorney Weiner improperly maintained a New Jersey office while practicing law in New York. (Compl. ¶ 24-25.) Before the Defendants in *Farmer II* were due to answer or otherwise respond to Plaintiff's complaint, this Court in *Farmer I*, adopted the *Farmer I* Report and granted

---

[4] The relevant factual and procedural background is set forth in greater detail in the Report and is incorporated herein. (Report at 2–6.)

[5] Plaintiff asserts that the alleged "fraud and deceit" by these Defendants "was used to taint Plaintiff's [*Farmer I*] case" and "overturn [the] Decision and Order for Default Judgment. . . ." (Compl. at 5.) As the Report properly notes, this alleged conduct cannot be asserted as having caused Magistrate Judge Wang's *Farmer I* Report because, as this Court notes in its *Farmer I* Decision and Order adopting that report, Magistrate Judge Wang properly recommended vacating the default judgments because the *Farmer I* defendants sufficiently established good cause. *Farmer I*, 17 Civ. 9300, ECF No. 91, at 6-8. Finally, as Magistrate Judge Wang correctly notes, filing this collateral action is not the proper forum for challenging the unfavorable decision in *Farmer I*. (Report at 10.) If Plaintiff believed there was an error, the proper avenue of redress was to timely appeal to the United States Court of Appeals for the Second Circuit, which Plaintiff did not.

vacatur of the default judgments entered in that case on August 21, 2019. *Farmer I*, No. 17 Civ. 9300, ECF No. 91.

Afterwards, in *Farmer II*, Defendants filed motions to dismiss Plaintiff's complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (*See* Coughlin Duffy Defs.' Mot. to Dismiss, ECF No. 14; Weiner Defs.' Mot. to Dismiss, ECF No. 16; Def. Larner's Mot. to Dismiss, ECF No. 30.) On September 17, 2020, this Court granted the employer defendants' motion to dismiss the complaint in *Farmer I*. *Id.*, ECF No. 120.

## II.   LEGAL STANDARDS

### A. Reports and Recommendations.

"Although a magistrate may hear dispositive pretrial motions, [s]he may only submit proposed findings of fact and recommendations for disposition of the matter." *Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir. 1990). The district court must review *de novo* the portions of a magistrate judge's report and recommendation to which a party properly objects. 28 U.S.C. § 636(b)(1)(C). However, the district court need not conduct a *de novo* hearing on the matter. *See United States v. Raddatz*, 447 U.S. 667, 675–76 (1980). Instead, it is sufficient that the district court "arrive at its own, independent conclusion" regarding those portions of the report to which objections are made. *Nelson v. Smith*, 618 F. Supp. 1186, 1189–90 (S.D.N.Y. 1985) (citation omitted).

Portions of a magistrate judge's report to which no or "merely perfunctory" objections are made are reviewed for clear error. *See Edwards v. Fischer*, 414 F. Supp. 2d 342, 346–47 (S.D.N.Y. 2006) (citations omitted). The clear error standard also applies if a party's "objections are improper—because they are 'conclusory,' 'general,' or 'simply rehash or reiterate the original briefs to the magistrate judge.'" *Stone v. Comm'r of Soc. Sec.*, No. 17 Civ. 569 (RJS), 2018 WL 1581993, at *3 (S.D.N.Y. Mar. 27, 2018) (citation omitted). Clear error is present when "upon review of the entire

4

record, [the court is] 'left with the definite and firm conviction that a mistake has been committed.'" *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006) (citation omitted).

"A magistrate's ruling is contrary to law if it 'fail[s] to apply or misapplies relevant statutes, case law, or rules of procedure[.]'" *Thai Lao Lignite (Thai.) Co. v. Gov't of Lao People's Democratic Republic*, 924 F. Supp. 2d 508, 512 (S.D.N.Y. 2013) (first alteration in original) (citation omitted).

### B. *Pro Se* Litigants.

Submissions of pro se litigants are read liberally and interpreted to "raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (citation omitted). "It is well established that a court is ordinarily obligated to afford a special solicitude to pro se litigants [because pro se litigants] generally lack[ ] both legal training and experience and, accordingly, [are] likely to forfeit important rights through inadvertence if [they are] not afforded some degree of protection." *Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010). "Nonetheless, even a pro se party's objections to a report and recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal. . . ." *Pinkney v. Progressive Home Health Servs.*, No. 06 Civ. 5023 (LTS) (JCF), 2008 WL 2811816, at *1 (S.D.N.Y. July 21, 2008) (citation omitted), *aff'd*, 367 F. App'x 210 (2d Cir. 2010).

### C. Rule 12(b)(1) Lack of Subject Matter Jurisdiction and Rule 12(b)(6) Failure to State a Claim.

"[A] claim is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Morrison v. Nat'l Austl. Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008) (citation omitted). Moreover, to survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To state a facially plausible claim, a

plaintiff must plead facts that enable the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted).[6]

When deciding Defendants' Rule 12(b)(1) and 12(b)(6) motions, the Court must draw all reasonable inferences in Plaintiff's favor. *See N.J. Carpenters Health Fund v. Royal Bank of Scot. Grp., PLC*, 709 F.3d 109, 119–20 (2d Cir. 2013); *NRDC v. Johnson*, 461 F.3d 164, 171 (2d Cir. 2006) (citation omitted).

## III. DEFENDANTS' MOTIONS TO DISMISS ARE GRANTED

As an initial matter, many of Plaintiff's objections fail to directly address the substance of the Report or its legal reasoning. (*See* Pl.'s Objs., ECF No. 41.) Indeed, Plaintiff makes several accusations and conclusory allegations against Magistrate Judge Wang in his objections without furnishing any evidence to support his contentions. (*See id.* at 1, 3.) Accordingly, these objections are overruled. Moreover, new claims may not be presented in the form of objections and should be dismissed. *See Gonzalez v. Garvin*, No. 99 Civ. 11062 (SAS), 2002 WL 655164, at *2 (S.D.N.Y. April 22, 2002) (dismissing an objection "because it offer[ed] a new legal argument that was not presented in the original petition, nor in the accompanying Memorandum of Law"). This Court therefore reviews *de novo* those portions of the Report to which Plaintiff objects. Regarding those portions of the Report to which Plaintiff makes no or merely perfunctory objections, this Court reviews such portions for clear error.

This Court adopts Magistrate Judge Wang's Report. (Report at 8–15.) The Report properly notes that Plaintiff has not provided any basis to claim a private right of action and fails to state a claim

---

[6] "In deciding a motion to dismiss under Rule 12(b)(6), the court may refer 'to documents attached to the complaint as an exhibit or incorporated in it by reference, to matters of which judicial notice may be taken, or to documents either in plaintiff['s] possession or of which plaintiff[] had knowledge and relied on in bringing suit.'" *Fishbein v. Miranda*, 670 F. Supp. 2d 264, 271 (S.D.N.Y. 2009) (quoting *Brass v. Am. Film Tech., Inc.*, 987 F.2d 142, 150 (2d Cir. 1993)).

under any federal criminal statutes relied upon in support of his complaint. (Report at 8–9.) The remaining state law claims under the New York Judiciary Law, the New York General Business Law, and the New York Court's Rules of the Chief Administrative Judge, should be dismissed for lack of subject matter jurisdiction.[7] (Report at 9.) Nevertheless, Plaintiff's state law claims are either not actionable due to absence of any injury, for failure to state a claim, and no basis to claim a private right of action. (Report at 10–14.)[8] Therefore, all of Plaintiff's claims are dismissed.[9]

The Report properly recommends that any amendment would be futile. (Report at 15.) Additionally, and as previously explained, to the extent Plaintiff has filed this lawsuit as a collateral attack on the Report vacating default judgment in *Farmer I*, this is an improper forum to do so. Plaintiff is therefore denied leave to amend.

## IV.  CONCLUSION

Magistrate Judge Wang's Report is ADOPTED. Defendants' motions to dismiss Plaintiff's complaint, (ECF Nos. 14, 16, 30), are GRANTED and Plaintiff's claims against Defendants are dismissed with prejudice. The Clerk of Court is directed to close these motions accordingly.

Dated: New York, New York
September 28, 2020

SO ORDERED.

*George B. Daniels*
GEORGE B. DANIELS
United States District Judge

---

[7] Plaintiff has not alleged any violation of constitutional rights to invoke § 1983.

[8] Plaintiff makes a formal complaint under Local Rule of the United States District Courts for the Southern and Eastern Districts of New York 1.5. Plaintiff's objections to Magistrate Judge Wang's Report, however, is not the proper forum to raise such allegations and will not be considered by this Court. (Pl. Objs. at 3.)

[9] Accordingly, the outstanding claims against Defendants Henry A. Larner, Mark D. Larner, Mitchell Rait, Peter John Frazza, and Susan Reach Winters are also dismissed.

7